## LEWIS *v.* HARWOOD.

A bond in an action upon which it would be necessary to assign breaches, and call in a jury to assess damages, is not assignable, under the statute of Virginia. ERROR to the circuit court for the district of Virginia, in an action of debt upon a bond dated February 3, 1784, the condition of which was, that if the obligor should pay to *William Whetcroft*, his attorney, heirs, executors, administrators or assigns, the sum of 3,000*l.* current money of Virginia, on or before the 1st of January, 1785, then the obligation to be void.

*Provided* that if the obligor, on application by the obligee at the town of Fredericksburg, on or after the 1st of January, 1785, should pay to the obligee 3,000*l.* in officers' certificates of a certain description, or should pay the interest of 6 *per cent.* from the date of the bond, on such certificates, if not paid, and should annually and punctually pay the said 6 *per*

*cent.* when applied to as before mentioned, in doing of which the condition of the bond was to be dischargeable by payment of the 3,000*l.* officers' certificates, otherwise the bond was to have its full force and effect.

Lewis
v.
HARWOOD.

Upon the pleas of payment, and conditions performed, the verdict and judgment below were for the plaintiff.

The defendant brought his writ of error.

*Terrell* and *Swann,* for the plaintiff in error, contended,

That the bond was not assignable under the act of assembly of Virginia, and therefore the plaintiff below, who was the assignee, could not recover in his own name.

The act of 1748 applies only to a bond given *for a debt.* And by a subsequent act, it is explained to mean a *money* debt.

The subsequent act makes *tobacco bonds* assignable. In the case of *Henderson* v. *Hepburn,* 2 *Call,* 232. 238. it is decided that an assignee cannot maintain an action of debt in his own name upon a bond with a collateral condition. *Craig* v. *Craig,* 1 *Call* 483.

The condition of the bond is either to pay 3,000*l.* by a certain day, *or* to pay 3,000*l.* in certificates, *or* to pay interest on the certificates.

A bond is not assignable unless it be for a debt so certain, as not to require the aid of a jury to assess the damages, or to ascertain the sum due.

*February* 24.

LIVINGSTON, J. delivered the opinion of the court as follows: On the 3d day of February, 1784, the

LEWIS
v.
HARWOOD.

plaintiff executed his bond to William Whetcroft, in the penal sum of 6,000l. to which there is a condition in the following words: " The condition of the above obligation is such, that if the said John Lewis shall well and truly pay to the said William Whetcroft the full sum of three thousand pounds, current money of Virginia, on or before the first day of January, 1785, then this obligation to be void. Provided, and it is to be understood, that in case the said Lewis, on application by the said Whetcroft to him, in the town of Fredericksburg, on or after the said first day of January, shall pay unto the said William, or his attorney, the sum of three thousand pounds in officers' certificates issued under an act of assembly passed November, 1781, for pay or arrearages of pay and depreciation, or shall well and truly pay the interest of six *per centum* from the date hereof, on the said certificates, if not paid, and shall moreover annually and punctually pay the said six *per cent.* when applied to as before mentioned, in doing of which the condition of this bond is lischargeable by payment of the said three thousand pounds officers' certificates; otherwise the bond shall have its full force and effect.

This bond was assigned to the defendant on the 3d of August, 1790, and an action at law was brought on it in the name of the assignee in the circuit court of the United States for the district of Virginia, when judgment was rendered for the defendant.

On this judgment a writ of error has been sued out, and the plaintiff alleges that the same should be reversed, because the bond on which this action is brought is not assignable under the laws of Virginia, so as to enable the assignee to prosecute at law in his own name. Other causes of error have been assigned, but the opinion of the court being with the plaintiff on the first point, it will not be necessary to take any notice of the objections which have bee made to the pleadings, or to the imperfect finding of the jury.

<div style="float:right">LEWIS<br>v.<br>HARWOOD.</div>

A bond not being assignable at common law, the present question must turn altogether on the statutes of Virginia. It seems to have been for a long time doubted, after passing the act of 1748, c. 27. whether any but bonds conditioned to pay money or tobacco were assignable. That question was, however, at last settled by the court of appeals, in the case of Henderson v. Hepburn, in which it was decided, that a bond with a collateral condition was not, within the meaning of this act, assignable. With this decision the court not only feels no inclination to interfere, but thinks it a fair and just exposition of the acts which had then been passed on this subject. The bonds intended by the legislature were most clearly such as were to become void on the payment of a sum certain, and where no intervention or assessment of a jury was necessary. Bonds which require particular breaches to be assigned, damages on which were to be estimated or liquidated by a jury, do not appear to have been contemplated.

It being then settled that bonds with collateral conditions were not assignable under the laws in force at the time of the making of this assignment, it only remains to ascertain the true character of the condition of the bond on which this action is brought.

Although by payment of 3,000l. on or before a certain day, the obligor might have discharged himself from the penalty, it was part of the condition that, on the application of the obligee, by a certain day, a payment in certain certificates, which were not money, might be substituted. This created an alternative by which the penalty might be discharged either by money or officers' certificates; and although the consent of both parties might be necessary to a payment in the latter way, still, as it made part of the written contract, the court cannot but perceive that, on a certain contingency, it was to be considered as a bond on which it might, as it did, become necessary to assign breaches and call in a jury to assess damages. If we look at the record, we shall find the

LEWIS
v.
HARWOOD.

parties, their counsel and the jury treating it as a bond of this description.

It is the opinion, therefore, of the court, that this bond was not assignable under the laws of Virginia, and that the judgment of the circuit court for the district of Virginia must be reversed, and judgment on the verdict be arrested.